Dear Dr. Mayeux:
We are in receipt of your recent opinion request regarding the possible exchange of school board property. In your request, you specifically ask if the school board can exchange property, following appraisals indicating that the intended exchange lands are of equal value. Additionally, you ask if, in an exchange, the school board would be required to adhere to the bid or auction procedures necessary to dispose of land no longer needed for public purposes. We find that the bulk of the questions that you have presented have been previously answered by this Office in La. Atty. Gen. Op. Nos. 01-0321, 86-762, 86-591, and 81-391, which we attach hereto for your reference. However, in the interest of completeness, we here undertake a brief review of the conclusions of those opinions in order to ensure that your questions are fully answered and to account for any changes in the law since the issuance of those opinions.
The general consensus of the previous opinions of this Office has been that school boards are permitted, under La. Const. Art. VI, Sec. 23, to make exchanges of unused school board property, provided that such property is not sixteenth section or school indemnity lands. The latter categories, as you know, require vastly different procedures for sale or lease, which are detailed in La. Atty. Gen. Op. Nos. 05-0068 and 05-0172. It should also be noted, for the purposes of clarity, that it is the opinion of this Office that sixteenth section lands and school indemnity lands are not school board property, per se. Rather, these lands are the property of the State with the school boards retaining managerial capacity over them. Id. However, because you indicate that the lands in question do not fall into these categories, we will undertake no further review of the procedures for a school board to divest itself of such properties herein.
Louisiana Constitutional Article VI, Section 23 stipulates, that,
 Subject to and not inconsistent with this constitution and subject to restrictions provided by general law, political subdivisions may acquire property for any public purpose by purchase, donation, expropriation, exchange, or otherwise.
(emphasis added). Because you note in your request letter that "the location of the property owned by the private individual would greatly benefit the configuration of the school campus," we are of the opinion that the purpose behind the proposed exchange represents a valid "public purpose," consistent with the requirements of La. Const. Art. VI, Sec.23. Thus, as a general matter, it is our opinion that the exchange that your request letter notes would be a valid method for the Avoyelles Parish School Board to acquire another tract of property that it needs. As was further noted in La. Atty. Gen. Op No. 01-0321,
 It is obvious that if the Constitution authorizes the acquisition of property by a political subdivision through the medium of an exchange, then it must be contemplated that the political subdivision is authorized to transfer property that it owns in order to effect [sic] the exchange.
We agree with the conclusion reached in that opinion and herein adopt it for the purposes of your request.
We temper the above opinion with the caveat that the appraised values of the exchange tracts must be substantially similar. If such is not the case, the School Board risks running afoul of the constitutional prohibition against the donation of public property contained in La. Const. Art. VII, Sec. 14. However, because your letter notes that you intend to have the properties appraised, we offer this merely as a reminder of a fact that you already appear to be aware of.
Finally, you ask if the exchange must follow the bid or auction procedures for the disposal of unneeded lands and, regardless of the answer to that question, what are the proper procedures to follow to effectuate the exchange. Once again, quoting from La. Atty. Gen. Op. No. 01-0321,
 Consequently, LSA-R.S. 17:87.6 authorizes any parish or city school board to sell, lease or otherwise dispose of, at public or private sale, for cash or on terms of credit, any school site, building, facility or personal property which is not used and, in the judgment of the school board, is not needed in the operation of any school or schools within its jurisdiction. Any such sale, lease or disposal of such school property shall be on such terms and conditions and for such consideration as the school board shall describe.
 We take cognizance of the fact that LSA-R.S. 41:891 et seq partially repealed LSA-R.S. 17:87.6
as a more recent expression of legislative will, but this office has previously concluded that the repeal is with regard to sales of school board property, not exchanges, and LSA-R.S. 17:87.6
remains viable relative to dispositions other than sales, more specifically, exchanges of property or leases. (See Atty. Gen. Op. No. 75-1261, Atty. Gen. Op. No. 80-275, and Atty. Gen. Op. No. 93-130).
As above, we here adopt the reasoning expressed in La. Atty. Gen. Op. No. 01- 0321 for the purposes of your opinion request, as we believe that it continues to represent sound legal reasoning.
Previous opinions of this Office have noted that the exchange of property by school boards need only comply with La. R.S. 17:87.6 and not La. R.S. 41:891 et seq. See e.g., La. Atty. Gen. Op. Nos. 01-0321 and 93-130. The former statute does not carry with it the requirement that the school board advertise the proposed exchange or put the proposed exchange out for auction or bids. The only requirement, under the previous opinions of this Office, has been that the acquired property indeed be used for school purposes. Id. Thus, it continues to be our opinion that the exchange of school board lands, provided that La. Const. Art. VII, Sec. 14 is not overrun by property value differences, can validly be accomplished without public advertisement or bids/auctions.
We hope this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our office.
Sincerely yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: ________________________ RYAN M. SEIDEMANN Assistant Attorney General
CCF, Jr./RMS/tp